IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED
IN OPEN COURT

SEP 25

CLERK, U.S. ...
ALEXANDRIA ...

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 1:14-CR-306 |
| | ) | |
| v. | ) | **UNDER SEAL** |
| | ) | |
| PEDRO ANTHONY ROMERO CRUZ, | ) | Conspiracy to Commit Murder in Aid |
|    a/k/a Payaso, | ) | of Racketeering |
|    (Counts One, Three) | ) | 18 U.S.C. § 1959(a)(5) |
| | ) | (Count One) |
| JOSE LOPEZ TORRES, | ) | |
|    a/k/a Grenas, | ) | Attempted Murder in Aid of Racketeering |
|    a/k/a Peluca, | ) | 18 U.S.C. §§ 1959(a)(5) and 2 |
|    a/k/a Medio Polvo, | ) | (Count Two) |
|    a/k/a Peluquin, | ) | |
|    a/k/a Jose Alejandro Donez, | ) | Possession of a Firearm in Furtherance a |
|    a/k/a Manuel Lopez Torres, | ) | Crime of Violence |
|    (Counts One, Two) | ) | 18 U.S.C. §§ 924(c)(1)(A), (B)(i), and 2 |
| | ) | (Count Three) |
| JAIME ROSALES VILLEGAS, | ) | |
|    a/k/a Demente, | ) | Murder in Aid of Racketeering |
|    a/k/a Lil Demente, | ) | 18 U.S.C. §§ 1959(a)(1) and 2 |
|    (Counts One, Two, Three) | ) | (Count Four) |
| | ) | |
| ALVIN GAITAN BENITEZ, | ) | Murder in Aid of Racketeering |
|    a/k/a Pesadilla, | ) | 18 U.S.C. §§ 1959(a)(1) and 2 |
|    a/k/a Lil Pesadilla, | ) | (Count Five) |
|    a/k/a Lil Tuner, | ) | |
|    a/k/a Tooner, | ) | Use of a Firearm During a Crime of |
|    a/k/a Lil Tunnel, | ) | Violence Causing Death |
|    (Count Four) | ) | 18 U.S.C. §§ 924(j)(1) |
| | ) | (Count Six) |
| CHRISTIAN LEMUS CERNA, | ) | |
|    a/k/a Leopardo, | ) | Felon in Possession of a Firearm |
|    a/k/a Bago, | ) | 18 U.S.C. § 922(g) |
|    a/k/a Vago, | ) | (Count Seven) |
|    a/k/a Gatito, | ) | |
|    a/k/a Christian Josue Lemus Alfaro, | ) | |
|    (Count Four) | ) | |
| | ) | |

| | |
|---|---|
| OMAR DEJESUS CASTILLO,<br>    a/k/a Lil Payaso,<br>    a/k/a Lil Slow,<br>    (Count Four) | )<br>)<br>)<br>)<br>) |
| DOUGLAS DURAN CERRITOS,<br>    a/k/a Lil Poison,<br>    a/k/a Guason,<br>    a/k/a Lunche,<br>    a/k/a Guadalupe,<br>    (Count Four) | )<br>)<br>)<br>)<br>)<br>)<br>) |
| MANUEL ERNESTO PAIZ GUEVARA,<br>    a/k/a Solitario,<br>    a/k/a Colita,<br>    (Count Four) | )<br>)<br>)<br>)<br>) |
| JOSE DEL CID,<br>    a/k/a Duende,<br>    a/k/a Gabriel De Jesus Cabrera,<br>    (Counts Four, Five) | )<br>)<br>)<br>)<br>) |
| JESUS ALEJANDRO CHAVEZ,<br>    a/k/a Chuy,<br>    a/k/a Taliban,<br>    a/k/a Taliman,<br>    (Counts Five, Six, Seven) | )<br>)<br>)<br>)<br>)<br>) |
|         Defendants | )<br>)<br>) |

## **SUPERSEDING INDICTMENT**

September 2014 Term – At Alexandria

THE GRAND JURY CHARGES THAT:

### Introduction

At all times material to this Indictment:

1. The defendants, PEDRO ANTHONY ROMERO CRUZ, also known as "Payaso," JOSE LOPEZ TORRES, also known as "Grenas," also known as "Peluca," also known as "Jose Alejandro Donez," also known as "Manuel Lopez Torres," JAIME ROSALES VILLEGAS, also known as "Demente," also known as "Lil Demente," ALVIN GAITAN BENITEZ, also known as "Pesadilla," also known as "Lil Tuner," also known as "Tooner," also known as "Lil Tunnel," CHRISTIAN LEMUS CERNA, also known as "Leopardo," also known as "Bago," also known as "Vago," also known as "Christian Josue Lemus Alfaro," DOUGLAS DURAN CERRITOS, also known as "Lil Poison," also known as "Guason," OMAR DEJESUS CASTILLO, also known as "Lil Payaso," also known as "Lil Slow," MANUEL ERNESTO PAIZ GUEVARA, also known as "Solitario," JOSE DEL CID, also known as "Duende," also known as "Gabriel De Jesus Cabrera," and JESUS ALEJANDRO CHAVEZ, also known as "Chuy," also known as "Taliban," also known as "Taliman," were members and associates of a criminal organization known as La Mara Salvatrucha ("MS-13"). MS-13 is a violent international street gang involved in a variety of criminal activities, including murder, obstruction of justice, drug trafficking, and sex trafficking, in the Eastern District of Virginia and elsewhere.

2. MS-13 has operated in the Eastern District of Virginia since at least 1993. MS-13 members and associates are located throughout the United States, including in Virginia,

-4-

Maryland, New York, and California. MS-13 also has a large international presence in El Salvador, Guatemala, Honduras, and Mexico.

3. MS-13 recruits members and associates predominantly from the Hispanic community, typically juveniles. Recruits are "jumped in" to the gang by being physically beaten by members and associates while a member counts to 13.

4. In order to protect the power, reputation, and territory of MS-13, members and associates are required to use violence, threats of violence, and intimidation. These acts of violence often include murder and assault with deadly weapons. MS-13 members and associates maintain and enhance their status in the gang by participating in such violent acts.

5. MS-13 recruits are indoctrinated into MS-13 rules, which are ruthlessly enforced. One prominent rule encourages MS-13 gang members and associates to confront, fight, and kill rival gang members, known as "chavalas." When an MS-13 member or associate encounters a chavala, he is to attack the chavala with anything available—from fists to machetes to firearms. In addition to attacking chavalas, MS-13 members and associates are required to aid other gang members who engage in fights. If a member violates this rule, he may be subjected to a beating, or "calentón," for failing to perform his duty.

6. Another prominent MS-13 rule commands silence about gang activity and prohibits cooperation with law enforcement. If a member violates this rule, gang leadership issues a "green light," which signals authorization to murder that member. A civilian may also be the subject of a "green light" if the person is suspected of cooperating with law enforcement against the gang. These murders are intended to deter others from challenging the authority and power of the gang.

7.  MS-13 is organized into local groups known as "cliques" that hold regular meetings to coordinate gang activities. Each clique is run by the senior leader, who is designated the "First Word," and the second-in-command, who is designated the "Second Word." The general members of the gang are known as "soldiers" who take their orders from the "First Word" or "Second Word." The leaders of the respective cliques attend larger general meetings to manage gang operations on a regional and international level. The Park View Locos Salvatruchas ("PVLS") is an MS-13 clique operating in Northern Virginia.

8.  MS-13 members must attend clique meetings that are held once or twice a month depending on the clique. At each clique meeting, a member is usually required to pay dues to the clique leaders. The money is used to finance clique activities, to provide support for clique members who are in jail, or to fund the MS-13 enterprise in El Salvador where many of the top gang leaders are based.

9.  To promote their gang identity, MS-13 members and associates often wear blue or white clothing, as well as clothing displaying the number "13" or numbers that total 13, such as "76." MS-13 members and associates also often have tattoos reading "Mara Salvatrucha," "MS," or "MS-13" and mark their territory with graffiti displaying those names and symbols associated with the gang. Once such symbol is the MS-13 hand sign, meant to resemble both an inverted "M" and the face of the devil, with outstretched fingers representing the devil's horns.

## The Racketeering Enterprise

10. MS-13, including its leaders, members, and associates, constitutes an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which is engaged in, and the activities of which affect, interstate and foreign commerce. MS-13 is an ongoing organization whose members and associates function as a continuing unit for a common purpose of achieving the objectives of the enterprise.

## Purposes of the Enterprise

11. The purposes of the M-13 enterprise include the following:

   (a) Preserving, expanding, and protecting the power, territory, and reputation of MS-13 through the use of violence, threats of violence, and intimidation;

   (b) Promoting and enhancing MS-13 and the activities of its members and associates by committing crimes, including, but not limited to, murder;

   (c) Keeping victims, potential victims, and community members in fear of MS-13 and its members and associates through violence, threats of violence, and intimidation;

   (d) Confronting and retaliating against rival gangs through the use of violence, threats of violence, and intimidation;

   (e) Hindering and obstructing efforts of law enforcement to identify, apprehend, and successfully prosecute offending gang members; and

   (f) Providing financial support and information to MS-13 members, including those incarcerated in the United States and El Salvador.

## Means and Methods of the Enterprise

12. Among the means and methods by which MS-13 members and associates conduct and participate in the affairs of the enterprise are the following:

(a) MS-13 members and associates use violence, threats of violence, and intimidation to preserve, protect, and expand the enterprise's territory and activities and to enhance its prestige, reputation, and position in the community;

(b) MS-13 members and associates promote a climate of fear through violence, threats of violence, and intimidation;

(c) MS-13 members and associates use violence, threats of violence, and intimidation to discipline and punish members and associates who had violate enterprise rules;

(d) MS-13 members and associates use telephones to discuss gang-related business and to obtain approval for the use of violence in furtherance of the purposes of MS-13;

(e) MS-13 members and associates collect dues to send to MS-13 members incarcerated in the United States and El Salvador and to MS-13 leadership in El Salvador, in an effort to continue the business of the enterprise;

13. MS-13, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), including acts involving murder and attempted murder, in violation of the laws of the Commonwealth of Virginia; obstruction of justice, in violation of Title 18, United States Code, Section 1503; drug trafficking, in violation of Title 21, United States Code, Sections 841 and 846; and sex trafficking, in violation of Title 18, United States Code, Sections 2421 and 2422.

-8-

## COUNT ONE

(Conspiracy to Commit Murder in Aid of Racketeering)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

From on or about September 29, 2013, through on or about October 1, 2013, in Woodbridge, Virginia, within the Eastern District of Virginia, and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants PEDRO ANTHONY ROMERO CRUZ, also known as "Payaso," JOSE LOPEZ TORRES, also known as "Grenas," also known as "Peluca," also known as "Jose Alejandro Donez," also known as "Manuel Lopez Torres," and JAIME ROSALES VILLEGAS, also known as "Demente," also known as "Lil Demente," together with others known and unknown to the grand jury, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other and others to murder D.F., in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. §§ 18.2-32 and 18.2-18.

(In violation of Title 18, United States Code, Section 1959(a)(5).)

## COUNT TWO

(Attempted Murder in Aid of Racketeering)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about October 1, 2013, in Woodbridge, Virginia, within the Eastern District of Virginia, and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants JOSE LOPEZ TORRES, also known as "Grenas," also known as "Peluca," also known as "Jose Alejandro Donez," also known as "Manuel Lopez Torres," and JAIME ROSALES VILLEGAS, also known as "Demente," also known as "Lil Demente," together with others known and unknown to the grand jury, knowingly and intentionally attempted to murder D.F., in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. §§ 18.2-32 and 18.2-18, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

## COUNT THREE

(Possession of a Firearm in Furtherance of a Crime of Violence)

THE GRAND JURY FURTHER CHARGES THAT:

On or about October 1, 2013, in Woodbridge, Virginia, within the Eastern District of Virginia, defendants PEDRO ANTHONY ROMERO CRUZ, also known as "Payaso," and JAIME ROSALES VILLEGAS, also known as "Demente," also known as "Lil Demente," knowingly possessed a firearm, to wit, a short-barreled shotgun, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, to wit, conspiracy to commit murder in aid of racketeering, as set forth in Count One of this Indictment, and attempted murder in aid of racketeering, as set forth in Count Two of this Indictment, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A), (B)(i), and 2.)

## COUNT FOUR

(Murder in Aid of Racketeering)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about March 29, 2014, in Fairfax County, within the Eastern District of Virginia and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants ALVIN GAITAN BENITEZ, also known as "Pesadilla," also known as "Lil Tuner," also known as "Tooner," also known as "Lil Tunnel," CHRISTIAN LEMUS CERNA, also known as "Leopardo," also known as "Bago," also known as "Vago," also known as "Christian Josue Lemus Alfaro," DOUGLAS DURAN CERRITOS, also known as "Lil Poison," also known as "Guason," OMAR DEJESUS CASTILLO, also known as "Lil Payaso," also known as "Lil Slow," MANUEL ERNESTO PAIZ GUEVARA, also known as "Solitario," also known as "Colita," and JOSE DEL CID, also known as "Duende," also known as "Gabriel De Jesus Cabrera," together with others known and unknown to the grand jury, knowingly and intentionally murdered Gerson Adoni Martinez Aguilar, in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. 18.2-32 and 18.2-18, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT FIVE

(Murder in Aid of Racketeering)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about June 19, 2014, in the City of Alexandria, within the Eastern District of Virginia and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants JOSE DEL CID, also known as "Duende," also known as "Gabriel De Jesus Cabrera," and JESUS ALEJANDRO CHAVEZ, also known as "Chuy," also known as "Taliban," also known as "Taliman," together with others known and unknown to the grand jury, knowingly and intentionally murdered Julio Urrutia, in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. 18.2-32 and 18.2-18, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT SIX

(Use of a Firearm During a Crime of Violence Causing Death)

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 19, 2014, in the City of Alexandria, within the Eastern District of Virginia, defendant JESUS ALEJANDRO CHAVEZ, also known as "Chuy," also known as "Taliban," also known as "Taliman," knowingly used, brandished, and discharged a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit, murder in aid of racketeering, as set forth in Count Five of this Indictment, which is re-alleged and incorporated by reference herein, thereby knowingly and willfully causing the death of Julio Urrutia, which killing was murder, as defined in 18 U.S.C. § 1111, in that the defendant, with malice aforethought, did unlawfully kill Julio Urrutia by shooting him with the firearm.

(In violation of Title 18, United States Code, Sections 924(c) and (j)(1).)

## COUNT SEVEN

(Felon in Possession of a Firearm)

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 19, 2014, in the City of Alexandria, within the Eastern District of Virginia, defendant JESUS ALEJANDRO CHAVEZ, also known as "Chuy," also known as "Taliban," also known as "Taliman," having been convicted on or about April 10, 2009, of a crime punishable by imprisonment for a term exceeding one year, to wit robbery in violation of Va. Code Ann. § 18.2-58, knowingly possessed a firearm in and affecting interstate commerce, said firearm having been shipped and transported in interstate commerce.

(In violation of Title 18, United States Code, Section 922(g)(1).)

## Notice of Special Findings

1.  The allegations of Count Four and Five of this Indictment are hereby re-alleged as if fully set forth herein and incorporated by reference.

2.  As to Count Four of this Indictment, defendants ALVIN GAITAN BENITEZ, CHRISTIAN LEMUS CERNA, DOUGLAS DURAN CERRITOS, OMAR DEJESUS CASTILLO, MANUEL ERNESTO PAIZ GUEVARA, and JOSE DEL CID:

    (a) Were more than eighteen (18) years of age at the time of the offense. (Title 18, United States Code, Section 3591(a));

    (b) Intentionally killed Gerson Adoni Martinez Aguilar. (Title 18, United States Code, Section 3591(a)(2)(A));

    (c) Intentionally inflicted serious bodily injury that resulted in the death of Gerson Adoni Martinez Aguilar. (Title 18, United States Code, Section 3591(a)(2)(B));

    (d) Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and that Gerson Adoni Martinez Aguilar died as a direct result of such act. (Title 18, United States Code, Section 3591(a)(2)(C));

    (e) Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Gerson Adoni Martinez Aguilar died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(D));

(f) Committed the offense in an especially heinous, cruel, and depraved manner in that it involved torture or serious physical abuse to Gerson Adoni Martinez Aguilar. (Title 18, United States Code, Section 3592(c)(6)); and

(g) Committed the offense after substantial planning and premeditation to cause the death of Gerson Adoni Martinez Aguilar. (Title 18, United States Code, Section 3592(c)(9)).

3. As to Count Five of this Indictment, defendants JOSE DEL CID and JESUS ALEJANDRO CHAVEZ:

(a) Were more than eighteen (18) years of age at the time of the offense;

(b) Intentionally killed Julio Urrutia. (Title 18, United States Code, Section 3591(a)(2)(A));

(c) Intentionally inflicted serious bodily injury that resulted in the death of Julio Urrutia. (Title 18, United States Code, Section 3591(a)(2)(B));

(d) Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and that Julio Urrutia died as a direct result of such act. (Title 18, United States Code, Section 3591(a)(2)(C));

(e) Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Julio Urrutia died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(D)); and

(f) Committed the offense after substantial planning and premeditation to cause the death of Julio Urrutia. (Title 18, United States Code, Section 3592(c)(9)). (Pursuant to Title 18, United States Code, Sections 3591 and 3592).

4. As to Count Six of this Indictment, defendant JESUS ALEJANDRO CHAVEZ:

(a) Was more than eighteen (18) years of age at the time of the offense;

(b) Intentionally killed Julio Urrutia. (Title 18, United States Code, Section 3591(a)(2)(A));

(c) Intentionally inflicted serious bodily injury that resulted in the death of Julio Urrutia. (Title 18, United States Code, Section 3591(a)(2)(B));

(d) Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and that Julio Urrutia died as a direct result of such act. (Title 18, United States Code, Section 3591(a)(2)(C));

(e) Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Julio Urrutia died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(D)); and

(f) Committed the offense after substantial planning and premeditation to cause the death of Julio Urrutia. (Title 18, United States Code, Section 3592(c)(9)). (Pursuant to Title 18, United States Code, Sections 3591 and 3592).

A TRUE BILL

*Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.*

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Stephen M. Campbell
Assistant United States Attorney

_____
Julia K. Martinez
Assistant United States Attorney

-18-