IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

**OCT 1 5 2014**

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:14-CR-306 |
| v. | **UNDER SEAL** |
| PEDRO ANTHONY ROMERO CRUZ,<br>a/k/a Payaso,<br>(Counts One, Three) | Conspiracy to Commit Murder in Aid<br>of Racketeering<br>18 U.S.C. § 1959(a)(5)<br>(Count One) |
| JOSE LOPEZ TORRES,<br>a/k/a Grenas,<br>a/k/a Peluca,<br>a/k/a Peluquin,<br>(Counts One, Two, Three, Four) | Attempted Murder in Aid of Racketeering<br>18 U.S.C. §§ 1959(a)(5) and 2<br>(Count Two) |
| JAIME ROSALES VILLEGAS,<br>a/k/a Demente,<br>a/k/a Lil Demente,<br>(Counts One, Two, Three) | Possession of a Firearm in Furtherance of<br>a Crime of Violence<br>18 U.S.C. §§ 924(c)(1)(A), (B)(i), and 2<br>(Count Three) |
| JUAN CARLOS MARQUEZ AYALA,<br>a/k/a Skinny,<br>(Count Four) | Murder in Aid of Racketeering<br>18 U.S.C. §§ 1959(a)(1) and 2<br>(Count Four) |
| OMAR DEJESUS CASTILLO,<br>a/k/a Lil Payaso,<br>a/k/a Lil Slow,<br>(Counts Four, Six) | Accessory After the Fact<br>18 U.S.C. § 3<br>(Count Five)<br><br>Murder in Aid of Racketeering<br>18 U.S.C. §§ 1959(a)(1) and 2<br>(Count Six) |
| ALVIN GAITAN BENITEZ,<br>a/k/a Pesadilla,<br>a/k/a Lil Pesadilla,<br>a/k/a Lil Tuner,<br>a/k/a Tooner,<br>(Counts Five, Six) | Murder in Aid of Racketeering<br>18 U.S.C. §§ 1959(a)(1) and 2<br>(Count Seven) |
| DOUGLAS DURAN CERRITOS,<br>a/k/a Lil Poison,<br>a/k/a Guason,<br>(Count Six) | Use of a Firearm During a Crime of<br>Violence Causing Death<br>18 U.S.C. §§ 924(c) and (j)(1)<br>(Count Eight) |

CHRISTIAN LEMUS CERNA,                          )        Felon in Possession of a Firearm
    a/k/a Leopardo,                          )        18 U.S.C. § 922(g)
    a/k/a Guepardo,                          )        (Count Nine)
    a/k/a Gatito,                            )
    a/k/a Bago,                              )
    a/k/a Vago,                              )
    a/k/a Christian Josue Lemus Alfaro,      )
    (Count Six)                              )
                                      )
ARAELY SANTIAGO VILLANUEVA,                      )
    a/k/a Slow,                              )
    a/k/a Lil Slow,                          )
    a/k/a Spider,                            )
    (Count Six)                              )
                                      )
MANUEL ERNESTO PAIZ GUEVARA,                     )
    a/k/a Solitario,                         )
    a/k/a Colita,                            )
    (Count Six)                              )
                                      )
JOSE DEL CID,                                    )
    a/k/a Duende,                            )
    a/k/a Gabriel De Jesus Cabrera,          )
    (Counts Six, Seven)                      )
                                      )
JESUS ALEJANDRO CHAVEZ,                          )
    a/k/a Chuy,                              )
    a/k/a Taliban,                           )
    a/k/a Taliman,                           )
    (Counts Seven, Eight, Nine)              )
                                      )
GENARO SEN GARCIA,                               )
    a/k/a Gatuso,                            )
    (Count Seven)                            )
                                      )
          Defendants                          )

## SECOND SUPERSEDING INDICTMENT

### October 2014 Term – At Alexandria

THE GRAND JURY CHARGES THAT:

### Introduction

At all times material to this Indictment:

1.      The defendants, PEDRO ANTHONY ROMERO CRUZ, also known as "Payaso,"
JOSE LOPEZ TORRES, also known as "Grenas," also known as "Peluca," also known as
"Peluquin," JAIME ROSALES VILLEGAS, also known as "Demente," also known as "Lil
Demente," JUAN CARLOS MARQUEZ AYALA, also known as "Skinny," OMAR DEJESUS
CASTILLO, also known as "Lil Payaso," also known as "Lil Slow," ALVIN GAITAN
BENITEZ, also known as "Pesadilla," also known as "Lil Pesadilla," also known as "Lil Tuner,"
also known as "Tooner," also known as "Lil Tunnel," DOUGLAS DURAN CERRITOS, also
known as "Lil Poison," also known as "Guason," CHRISTIAN LEMUS CERNA, also known as
"Leopardo," also known as "Guepardo," also known as "Gatito," also known as "Bago," also
known as "Vago," also known as "Christian Josue Lemus Alfaro," ARAELY SANTIAGO
VILLANUEVA, also known as "Slow," also known as "Lil Slow," also known as "Spider,"
MANUEL ERNESTO PAIZ GUEVARA, also known as "Solitario," also known as "Colita,"
JOSE DEL CID, also known as "Duende," also known as "Gabriel De Jesus Cabrera," JESUS
ALEJANDRO CHAVEZ, also known as "Chuy," also known as "Taliban," also known as
"Taliman," and GENARO SEN GARCIA, also known as "Gatuso," are members and associates
of a criminal organization known as La Mara Salvatrucha or "MS-13." MS-13 is a violent
international street gang involved in a variety of criminal activities, including murder,

obstruction of justice, drug trafficking, and sex trafficking, in the Eastern District of Virginia and elsewhere.

2.     MS-13 has operated in the Eastern District of Virginia since at least 1993. MS-13 members and associates are located throughout the United States, including Virginia, Maryland, New York, and California.   MS-13 also has a large international presence in El Salvador, Guatemala, Honduras, and Mexico.

3.     MS-13 recruits members and associates predominantly from the Hispanic community, typically juveniles. Recruits are "jumped in" to the gang by being physically beaten by members and associates while a member counts to 13.

4.     In order to protect the power, reputation, and territory of MS-13, members and associates are required to use violence, threats of violence, and intimidation.   These acts of violence often include murder and assault with deadly weapons.  MS-13 members and associates maintain and enhance their status in the gang by participating in such violent acts.

5.     MS-13 recruits are indoctrinated into MS-13 rules, which are ruthlessly enforced. One prominent rule encourages MS-13 members and associates to confront, fight, and kill rival gang members, known as "chavalas."   When an MS-13 member or associate encounters a chavala, he is to attack the chavala with anything available—from fists to machetes to firearms. In addition to attacking chavalas, MS-13 members and associates are required to aid other members who engage in fights.  If a member violates this rule, he may be subjected to a beating ("calentón") for failing to perform his duty.

6.     Another prominent MS-13 rule commands silence about gang activity and prohibits cooperation with law enforcement.  If a member violates this rule, gang leadership issues a "green light," which signals authorization to murder that member.  A civilian may also

-4-

be the subject of a "green light" if the person is suspected of cooperating with law enforcement against the gang. These murders are intended to deter others from challenging the authority and power of the gang.

7.     MS-13 is organized into local groups known as "cliques" that hold regular meetings to coordinate gang activities. Each clique is run by the senior leader, who is designated the "First Word," and the second-in-command, who is designated the "Second Word." The general members of the gang are known as "soldiers" and take their orders from the "First Word" or the "Second Word." The leaders of the respective cliques attend larger general meetings to manage gang operations on a regional and international level. The Park View Locos Salvatruchas ("PVLS") is an MS-13 clique operating in Northern Virginia.

8.     MS-13 members must attend clique meetings that are held once or twice a month depending on the clique. At each clique meeting, a member is usually required to pay dues to the clique leaders. The money is used to finance clique activities, to provide support for clique members who are in jail, and to fund the MS-13 enterprise in El Salvador where many of the top gang leaders are based.

9.     To promote their gang identity, MS-13 members and associates often wear blue or white clothing, as well as clothing displaying the number "13" or numbers that total 13, such as "76." MS-13 members and associates also often have tattoos reading "Mara Salvatrucha," "MS," or "MS-13" and mark their territory with graffiti displaying those names and symbols associated with the gang. One such symbol is the MS-13 hand sign, meant to resemble both an inverted "M" and the face of the devil, with outstretched fingers representing the devil's horns.

## The Racketeering Enterprise

10.     MS-13, including its leaders, members, and associates, constitutes an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which is engaged in, and the activities of which affect, interstate and foreign commerce.  MS-13 is an ongoing organization whose members and associates function as a continuing unit for a common purpose of achieving the objectives of the enterprise.

## Purposes of the Enterprise

11.     The purposes of the MS-13 enterprise include the following:

(a)     Preserving, expanding, and protecting the power, territory, and reputation of MS-13 through the use of violence, threats of violence, and intimidation;

(b)     Promoting and enhancing MS-13 and the activities of its members and associates by committing crimes, including, but not limited to, murder;

(c)     Keeping victims, potential victims, and community members in fear of MS-13 and its members and associates through violence, threats of violence, and intimidation;

(d)     Confronting and retaliating against rival gangs through the use of violence, threats of violence, and intimidation;

(e)     Hindering and obstructing efforts of law enforcement to identify, apprehend, and successfully prosecute offending gang members; and

(f)     Providing financial support and information to MS-13 members, including those incarcerated in the United States and El Salvador.

## Means and Methods of the Enterprise

12.     Among the means and methods by which MS-13 members and associates conduct and participate in the affairs of the enterprise are the following:

(a)     MS-13 members and associates use violence, threats of violence, and intimidation to preserve, protect, and expand the enterprise's territory and activities and to enhance its prestige, reputation, and position in the community;

(b)     MS-13 members and associates promote a climate of fear through violence, threats of violence, and intimidation;

(c)     MS-13 members and associates use violence, threats of violence, and intimidation to discipline and punish members and associates who violate enterprise rules;

(d)     MS-13 members and associates use telephones to discuss gang-related business and to obtain approval for the use of violence to further the purposes of MS-13; and

(e)     MS-13 members and associates collect dues to send to MS-13 members incarcerated in the United States and El Salvador and to MS-13 leadership in El Salvador, in an effort to provide financial support to the enterprise;

13.     MS-13, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts involving murder and attempted murder, in violation of the laws of the Commonwealth of Virginia; acts indictable under Title 18, United States Code, Sections 1503 (obstruction of justice) and 2421 and 2422 (sex trafficking); and acts involving drug trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

## COUNT ONE

(Conspiracy to Commit Murder in Aid of Racketeering)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

From on or about September 29, 2013, through on or about October 1, 2013, in Woodbridge, Virginia, within the Eastern District of Virginia, and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants PEDRO ANTHONY ROMERO CRUZ, also known as "Payaso," JOSE LOPEZ TORRES, also known as "Grenas," also known as "Peluca," also known as "Peluquin," and JAIME ROSALES VILLEGAS, also known as "Demente," also known as "Lil Demente," together with others known and unknown to the grand jury, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other and others to murder D.F., in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. §§ 18.2-32 and 18.2-18.

(In violation of Title 18, United States Code, Section 1959(a)(5).)

## COUNT TWO

### (Attempted Murder in Aid of Racketeering)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about October 1, 2013, in Woodbridge, Virginia, within the Eastern District of Virginia, and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants JOSE LOPEZ TORRES, also known as "Grenas," also known as "Peluca," also known as "Peluquin," and JAIME ROSALES VILLEGAS, also known as "Demente," also known as "Lil Demente," together with others known and unknown to the grand jury, knowingly and intentionally attempted to murder D.F., in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. §§ 18.2-32 and 18.2-18, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

## COUNT THREE

(Possession of a Firearm in Furtherance of a Crime of Violence)

THE GRAND JURY FURTHER CHARGES THAT:

On or about October 1, 2013, in Woodbridge, Virginia, within the Eastern District of Virginia, defendants PEDRO ANTHONY ROMERO CRUZ, also known as "Payaso," JOSE LOPEZ TORRES, also known as "Grenas," also known as "Peluca," also known as "Peluquin," and JAIME ROSALES VILLEGAS, also known as "Demente," also known as "Lil Demente," knowingly possessed a firearm, to wit: a short-barreled shotgun, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, to wit: conspiracy to commit murder in aid of racketeering, as set forth in Count One of this Indictment, and attempted murder in aid of racketeering, as set forth in Count Two of this Indictment, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A), (B)(i), and 2.)

## COUNT FOUR

### (Murder in Aid of Racketeering)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about October 7, 2013, in Fairfax County, within the Eastern District of Virginia, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants JOSE LOPEZ TORRES, also known as "Grenas," also known as "Peluca," also known as "Peluquin," JUAN CARLOS MARQUEZ AYALA, also known as "Skinny," and OMAR DEJESUS CASTILLO, also known as "Lil Payaso," also known as "Lil Slow," together with others known and unknown to the grand jury, knowingly and intentionally murdered Nelson Omar Quintanilla Trujillo, in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. §§ 18.2-32 and 18.2-18, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT FIVE

(Accessory After the Fact)

THE GRAND JURY FURTHER CHARGES THAT:

In or about October 2013, in Fairfax County, within the Eastern District of Virginia, defendant ALVIN GAITAN BENITEZ, also known as "Pesadilla," also known as "Lil Pesadilla," also known as "Lil Tuner," also known as "Tooner," also known as "Lil Tunnel," knowing that an offense against the United States had been committed, namely the murder of Nelson Omar Quintanilla Trujillo on or about October 7, 2013, as described in Count Four of this Indictment, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2, knowingly received, relieved, comforted, and assisted the offenders in order to hinder and prevent their apprehension, trial, and punishment, to wit: the defendant, together with others known and unknown to the grand jury, reburied the body of Nelson Omar Quintanilla Trujillo.

(In violation of Title 18, United States Code, Section 3.)

## COUNT SIX

### (Murder in Aid of Racketeering)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about March 29, 2014, in Fairfax County, within the Eastern District of Virginia, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants OMAR DEJESUS CASTILLO, also known as "Lil Payaso," also known as "Lil Slow," ALVIN GAITAN BENITEZ, also known as "Pesadilla," also known as "Lil Pesadilla," also known as "Lil Tuner," also known as "Tooner," also known as "Lil Tunnel," DOUGLAS DURAN CERRITOS, also known as "Lil Poison," also known as "Guason," CHRISTIAN LEMUS CERNA, also known as "Leopardo," also known as "Guepardo," also known as "Gatito," also known as "Bago," also known as "Vago," also known as "Christian Josue Lemus Alfaro," ARAELY SANTIAGO VILLANUEVA, also known as "Slow," also known as "Lil Slow," also known as "Spider," MANUEL ERNESTO PAIZ GUEVARA, also known as "Solitario," also known as "Colita," and JOSE DEL CID, also known as "Duende," also known as "Gabriel De Jesus Cabrera," together with others known and unknown to the grand jury, knowingly and intentionally murdered Gerson Adoni Martinez Aguilar, in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. §§ 18.2-32 and 18.2-18, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT SEVEN

### (Murder in Aid of Racketeering)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about June 19, 2014, in the City of Alexandria, within the Eastern District of Virginia, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants JOSE DEL CID, also known as "Duende," also known as "Gabriel De Jesus Cabrera," JESUS ALEJANDRO CHAVEZ, also known as "Chuy," also known as "Taliban," also known as "Taliman," and GENARO SEN GARCIA, also known as "Gatuso," together with others known and unknown to the grand jury, knowingly and intentionally murdered Julio Urrutia, in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. 18.2-32 and 18.2-18, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT EIGHT

(Use of a Firearm During a Crime of Violence Causing Death)

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 19, 2014, in the City of Alexandria, within the Eastern District of Virginia, defendant JESUS ALEJANDRO CHAVEZ, also known as "Chuy," also known as "Taliban," also known as "Taliman," knowingly used, carried, brandished, and discharged a firearm during and in relation to, and in furtherance of, a crime of violence for which he may be prosecuted in a court of the United States, to wit: murder in aid of racketeering, as set forth in Count Seven of this Indictment, which is re-alleged and incorporated by reference herein, thereby knowingly and willfully causing the death of Julio Urrutia, which killing was murder, as defined in 18 U.S.C. § 1111, in that the defendant, with malice aforethought, did unlawfully kill Julio Urrutia by shooting him with the firearm.

(In violation of Title 18, United States Code, Sections 924(c) and (j)(1).)

## COUNT NINE

### (Felon in Possession of a Firearm)

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 19, 2014, in the City of Alexandria, within the Eastern District of Virginia, defendant JESUS ALEJANDRO CHAVEZ, also known as "Chuy," also known as "Taliban," also known as "Taliman," having been convicted on or about April 10, 2009, of a crime punishable by imprisonment for a term exceeding one year, to wit: robbery in violation of Va. Code Ann. § 18.2-58, knowingly possessed a firearm in and affecting interstate commerce, said firearm having been shipped and transported in interstate commerce.

(In violation of Title 18, United States Code, Section 922(g)(1).)

## Notice of Special Findings

1.      The allegations of Counts Four, Six, Seven, and Eight of this Indictment are hereby re-alleged as if fully set forth herein and incorporated by reference.

2.      As to Count Four of this Indictment, defendants JOSE LOPEZ TORRES, JUAN CARLOS MARQUEZ AYALA, and OMAR DEJESUS CASTILLO

(a)     Were more than eighteen (18) years of age at the time of the offense. (Title 18, United States Code, Section 3591(a));

(b)     Intentionally killed Nelson Omar Quintanilla Trujillo. (Title 18, United States Code, Section 3591(a)(2)(A));

(c)     Intentionally inflicted serious bodily injury that resulted in the death of Nelson Omar Quintanilla Trujillo. (Title 18, United States Code, Section 3591(a)(2)(B));

(d)     Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and that Nelson Omar Quintanilla Trujillo died as a direct result of such act. (Title 18, United States Code, Section 3591(a)(2)(C));

(e)     Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Nelson Omar Quintanilla Trujillo died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(D));

(f)     Committed the offense in an especially heinous, cruel, and depraved manner in that it involved torture or serious physical abuse to Nelson Omar Quintanilla Trujillo. (Title 18, United States Code, Section 3592(c)(6)); and

-17-

(g)     Committed the offense after substantial planning and premeditation to cause the death of Nelson Omar Quintanilla Trujillo.  (Title 18, United States Code, Section 3592(c)(9)).

3.     As to Count Six of this Indictment, defendants OMAR DEJESUS CASTILLO, ALVIN GAITAN BENITEZ, DOUGLAS DURAN CERRITOS, CHRISTIAN LEMUS CERNA, ARAELY SANTIAGO VILLANUEVA, MANUEL ERNESTO PAIZ GUEVARA, and JOSE DEL CID:

(a)     Were more than eighteen (18) years of age at the time of the offense. (Title 18, United States Code, Section 3591(a));

(b)     Intentionally killed Gerson Adoni Martinez Aguilar.  (Title 18, United States Code, Section 3591(a)(2)(A));

(c)     Intentionally inflicted serious bodily injury that resulted in the death of Gerson Adoni Martinez Aguilar. (Title 18, United States Code, Section 3591(a)(2)(B));

(d)     Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and that Gerson Adoni Martinez Aguilar died as a direct result of such act. (Title 18, United States Code, Section 3591(a)(2)(C));

(e)     Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Gerson Adoni Martinez Aguilar died as a direct result of the act.  (Title 18, United States Code, Section 3591(a)(2)(D));

(f)     Committed the offense in an especially heinous, cruel, and depraved manner in that it involved torture or serious physical abuse to Gerson Adoni Martinez Aguilar.  (Title 18, United States Code, Section 3592(c)(6)); and

(g)     Committed the offense after substantial planning and premeditation to cause the death of Gerson Adoni Martinez Aguilar.   (Title 18, United States Code, Section 3592(c)(9)).

4.     As to Count Seven of this Indictment, defendants JOSE DEL CID, JESUS ALEJANDRO CHAVEZ and GENARO SEN GARCIA:

(a)     Were more than eighteen (18) years of age at the time of the offense (Title 18, United States Code, Section 3591(a));

(b)     Intentionally killed Julio Urrutia.  (Title 18, United States Code, Section 3591(a)(2)(A));

(c)     Intentionally inflicted serious bodily injury that resulted in the death of Julio Urrutia.  (Title 18, United States Code, Section 3591(a)(2)(B));

(d)     Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and that Julio Urrutia died as a direct result of such act. (Title 18, United States Code, Section 3591(a)(2)(C));

(e)     Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Julio Urrutia died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(D)); and

-19-

(f)     Committed the offense after substantial planning and premeditation to cause the death of Julio Urrutia. (Title 18, United States Code, Section 3592(c)(9)).

5.     As to Count Eight of this Indictment, defendant JESUS ALEJANDRO CHAVEZ:

(a)     Was more than eighteen (18) years of age at the time of the offense. (Title 18, United States Code, Section 3591(a));

(b)     Intentionally killed Julio Urrutia. (Title 18, United States Code, Section 3591(a)(2)(A));

(c)     Intentionally inflicted serious bodily injury that resulted in the death of Julio Urrutia. (Title 18, United States Code, Section 3591(a)(2)(B));

(d)     Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and that Julio Urrutia died as a direct result of such act. (Title 18, United States Code, Section 3591(a)(2)(C));

(e)     Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Julio Urrutia died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(D)); and

(f)     Committed the offense after substantial planning and premeditation to cause the death of Julio Urrutia. (Title 18, United States Code, Section 3592(c)(9)).

(Pursuant to Title 18, United States Code, Sections 3591 and 3592).

A TRUE BILL

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

_____
FOREPERSON


DANA J. BOENTE
UNITED STATES ATTORNEY


By: _____
      Stephen M. Campbell
      Assistant United States Attorney


_____
Julia K. Martinez
Assistant United States Attorney